[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 11, 1991 Date of Application January 11, 1991 Date Application Filed January 28, 1991 Date of Decision February 23, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury, Docket No. CR89-169634;
Walter H. Scanlon, Esq., Defense Counsel, for Petitioner
Edward Ricciardi, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
The petitioner, age 49 at the time of sentencing, was convicted following a trial by jury, of Arson, 2nd degree (53a-112(a), and Insurance Fraud (53a-215(a)(1).
He was sentenced to 20 years, execution suspended after 15 years, on the Arson Count, and a concurrent 5 year sentence on the Insurance Fraud charge. His total effective sentence was 20 years, execution suspended after 15 years (with probation for 5 years).
The factual basis for the petitioner's convictions is summarized as follows:
On April 20, 1989, a fire destroyed the house of Diana Lago at 48 East Street in Wolcott. She had been awarded sole possession of the house after her divorce from the defendant. The defendant resented her possession of the house and had threatened her life, telling her she would never enjoy the house and that she was not going to keep it. After the fire, the defendant indicated that if she rebuilt the house with insurance proceeds, it would "go up again," with her in it. In February, 1989, Diana Lago had changed the locks of the house and found that on March 8 the defendant had entered the house and that all the locks had been removed. The following day, Diana Lago discovered that new locks had been installed on the doors. She called the police. Upon their arrival, she entered the house to find all the lights on and the thermostats turned all the way up. The defendant called Diana Lago later that evening and told her that he had left a key on a table. The key fit only the door leading to the basement exit. Subsequently, only she and the defendant had keys to the house. A few days prior to the fire, she discovered that someone had dismantled the fire alarm system in the house.
On the night of the fire, Diana Lago left the house at approximately 6:05 p.m. Her friend picked her up to go bowling, as they had done every Thursday evening for ten years. She locked the house with her dog inside. Soon after leaving the house, Diana Lago and her friend observed the defendant driving his Ford van in the direction of the house on a road that intersects with East Street. At approximately 6:30 p.m., an acquaintance of the defendant observed him CT Page 2969 driving his van away from East Street. Between 6:20 and 6:30 p.m., a neighbor saw Diana Lago's dog outside, but did not observe anything unusual or any indication of smoke or fire.
At approximately 7:45 p.m., Robert Trerice, a lieutenant of the Waterbury fire department, drove by the Lago house. He observed heavy smoke and flames shooting out of the back of the house. Trerice proceeded to the firehouse and returned shortly thereafter with the fire department.
When the firefighters arrived at the Lago house, they found all of the doors locked. Although the fire had not been burning long, the house was fully in flames. Firefighters were able to detect the presence of an accelerant. On the following day, it was determined that the fire had been ignited intentionally and that an accelerant had been used. See State v. Lago, 28 Conn. App. 9 (1992).
The petitioner thereafter submitted false information to the insurance carrier regarding claims for personal property supposedly lost in the fire, but which, in fact, were not in the house at the time of the fire.
Petitioner asks the Division to consider that the Court imposed a term of incarceration which was 3 years longer than the State had requested, and argues that the sentence is overly severe for the offense. The petitioner has no prior record, served in the Marine Corp. for 4 years, is a self employed carpet installer and has a part-time oil delivery business. He and his wife were married for some 30 years and have 2 adult children.
In his remarks to the Division, the petitioner denies any culpability stating that he has never harmed anyone or broken any law.
The victim in this case describes herself as very frightened of her ex-husband. It seems clear that he feels a terrible vengeance toward his ex-wife and has the boldness of character to carry out his threats. Not only is he capable of terrorizing (or worse) the victim, he stands convicted of a crime of dishonesty. Thus, while his prior history has commendable aspects, he has shown himself capable of committing heinous crimes, and the safety of those he would victimize is a proper concern for the sentencing Court. CT Page 2970
In commenting on the sentence the Court noted that it was not ordering restitution as the State had requested and the Court was not bound by the State's recommendation.
After considering the facts and circumstances of this case, including the sentencing Court's discretion (which was in a better position to assess the character of the petitioner than this Division), the arguments of counsel and the petitioner's statement, the nature of the offense, the character of the petitioner, the need for protection of the public, (we note parenthetically that a fireman was injured in the fire and the risk of injury is, of course, present to others); and the deterrent, rehabilitative, isolative and denunciatory purposes for which a sentence is intended, we cannot conclude that the sentence was disproportionate or inappropriate.
It is affirmed.
Klaczak, J.
Purtill, J.
Norko, J.
Purtill, Klaczak, and Norko, J.s, participated in this decision.